[No. A060761. First Dist., Div. Four. Aug. 5, 1993.]

LAURA MALICK, Plaintiff and Appellant, v.
DEPARTMENT OF TRANSPORTATION et al., Defendants and
Respondents.

**COUNSEL**

Laura Malick, in pro. per., for Plaintiff and Appellant.

William M. McMillan, Daniel C. Murphy, Kenneth G. Nellis and Antonio R. Anziano for Defendants and Respondents.

**OPINION**

**ANDERSON, P. J.**—Plaintiff Laura Malick (appellant) appeals from a judgment that dismissed her petition for a writ of mandate to command the Department of Transportation; James W. van Loben Sels, Director; and Preston Kelley, Director, District #4 (respondents), to cease building sound walls on Scenic Highway Interstate 680 and to remove those already installed. A demurrer to the petition had been sustained without leave to amend.

Appellant contends: (1) "The decision that no law prohibits sound walls on scenic highways is refuted by the mandate for *scenic conservation* in the Scenic Highway Act" (italics added); (2) "Sound walls permitted on freeways are impermissible visual barriers on the scenic highway portions of freeways." These contentions lack merit.

"The complex legislative scheme for construction of freeway and expressway systems in California is set out in exhaustive detail in the Streets and Highways Code. [All references in this quotation and in this opinion are to

this code.] In general, it is the intent of the Legislature that highways be created only after a planned and coordinated effort by all state and local agencies with full exchange of information by all concerned. (See § 210.) Hearings to present a forum for exchange of ideas are mandated. (See §§ 210.4, 210.5.)" (*Smith* v. *State of California* (1975) 50 Cal.App.3d 529, 536, fn. 3 [123 Cal.Rptr. 745].)

As part of the legislative scheme sections 260-263.9 provide that certain portions of the state highway system shall be designated as "state scenic highways" and given "special scenic conservation treatment" by respondents. Sections 215.5-216.1 provide that respondents shall construct "noise attenuation barriers along freeways in the California freeway and expressway system."

Interstate Highway 680 "from the Santa Clara-Alameda county line to Route 24 in Walnut Creek" was designated a scenic highway by section 263.8. It is also one of the California freeways along which respondents have authority to construct a noise attenuation barrier or sound wall. (§§ 253, 253.1, 620.) Respondents have been erecting 10 miles of concrete sound walls along Interstate Highway 680 from Dublin to Walnut Creek. The sound walls are approximately eleven and one-half feet high. Scenic views of mountains, hills or woodlands are blocked by the sound walls.

The scenic protection statutes do not guarantee an absolutely unimpaired view throughout the entire length of a designated highway. *Las Virgenes Homeowners Federation, Inc.* v. *County of Los Angeles* (1986) 177 Cal.App.3d 300, 312 [223 Cal.Rptr. 18] held: "The County's extensive review of the subject project resulted in the implementation of numerous measures to mitigate scenic impacts along the Ventura Freeway in accordance with the scenic highway element policies and the Streets and Highways Code. Some of those measures are: redesign of buildings and reduction of building height; limitation on building-to-lot coverage to 40 percent; landscaping; screening and berm-building; billboard prohibition; undergrounding of utility lines; reduction in grading; maintenance of 214 acres as open space; clustering of residences on level areas away from hills and ridge lines. . . ."

Moreover, *People* ex rel. *Dept. Pub. Wks.* v. *Bosio* (1975) 47 Cal.App.3d 495, 505, fn. 4 [121 Cal.Rptr. 375], declared that protection from air and noise pollution was a vital environmental concern when designing an improvement to a scenic highway.

Thus, the scenic highway and noise abatement provisions of the Streets and Highways Code are not in conflict. Respondents

reasonably harmonized the mandates of both statutes by erecting sound walls in a limited portion of Interstate Highway 680. (See *Los Angeles Country Club* v. *Pope* (1985) 175 Cal.App.3d 278, 285-287 [220 Cal.Rptr. 584].)[1]

The judgment is affirmed.

Poché, J., and Reardon, J., concurred.

A petition for a rehearing was denied August 26, 1993, and appellant's petition for review by the Supreme Court was denied October 20, 1993. Kennard, J., was of the opinion that the petition should be granted.

---

[1] The letter from William E. Dannemeyer, author of the bill which enacted section 215.5, is of no import in interpreting the section. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699-700 [170 Cal.Rptr. 817, 621 P.2d 856].)